IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT CHAVELLE FERRELL, | |
| Petitioner, | |
| v. | Case No. 24-CV-305-RAW-JAR |
| CHRISTE QUICK, Warden,[1] | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Robert Chavelle Ferrell ("Ferrell"), an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in McIntosh County District Court Case No. CF-2006-0197. *See* Dkt. 1. Ferrell alleges the State of Oklahoma is violating the federal decision in *United States v. Hooks & Ferrell*. Dkt. 1 at 5.[2] Specifically, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") found insufficient evidence supported Ferrell's conviction of possessing a firearm after former felony conviction in violation of 28 U.S.C. § 922(g), in *United States v. Hooks*, 551 F.3d 1205, 1215 (10th Cir. 2009). Dkt. 9 at 2, n.2. Ferrell contends the Tenth Circuit's decision concerning his federal charges necessitates relief from his state court convictions. *See* Dkt. 1. Having considered Ferrell's Petition for Writ of Habeas Corpus ("Petition") (Dkt. 1), Respondent Christe Quick's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion") (Dkt. 8), Respondent's Brief in Support of Pre-Answer Motion to

---

[1] Ferrell presently is incarcerated at Jackie Brannon Correctional Center, and Christe Quick is the current warden of that facility. The court therefore substitutes Christe Quick, Warden, in place of Steven Harpe as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.
[2] The court's citations refer to the CM/ECF header pagination.

Dismiss Petition for Writ of Habeas Corpus (Dkt. 9), the record of state-court proceedings provided by Respondent (Dkts. 9-1 through 9-13), Ferrell's Reply to Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus (Dkt. 14) and applicable law, the court finds and concludes that Respondent's Motion shall be granted.

## BACKGROUND

In September 2008, Ferrell was convicted by a jury of trafficking in controlled dangerous substances (count 1) and possession of an offensive weapon in the commission of a felony, both after former conviction of a felony (count 2). *See* Docket, *State of Oklahoma v. Ferrell*, Case No. CF-2006-197B (McIntosh Cnty. Dist. Ct.). Ferrell was sentenced to twenty (20) years imprisonment and a $500,000.00 fine on count 1 and thirty-five (35) years imprisonment on count 2. Dkt. 9-1 at 1. The trial court ordered the sentences to be served consecutively. *Id.* Ferrell filed a direct appeal and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Ferrell's convictions on October 22, 2009. *Id.* at 5. Ferrell did not file anything further with the state court until April 13, 2023, when he filed an application for post-conviction relief. Dkt. 1-3 at 2-19. The OCCA affirmed the denial of Ferrell's application for post-conviction relief on June 12, 2024. Dkt. 1-2.

Based upon the above-described procedural history, Respondent, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, contends Ferrell's Petition is time-barred. Dkts. 8 and 9. Specifically, Respondent argues Ferrell's Petition is untimely pursuant to 28 U.S.C. § 2244(d), Ferrell is not entitled to equitable tolling, and Ferrell does not satisfy the actual innocence gateway. *See* Dkt. 9. The court agrees.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have

2

one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

## I.     28 U.S.C. § 2244(d)(1)(A)

Ferrell failed to initiate the instant Petition within the time frame mandated by 28 U.S.C. § 2244(d)(1)(A). As detailed above, Ferrell did not seek a writ of certiorari from the United States Supreme Court within ninety (90) days after the OCCA affirmed the conviction. Sup. Ct. R. 13. Therefore, Ferrell's Judgment became final on January 20, 2010, ninety (90) days after October 22, 2009. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citation and quotation omitted)). Ferrell's one-year period to file a petition for writ of habeas corpus began January 21, 2010, and, absent

statutory tolling, expired January 23, 2011. The court finds, absent any tolling events, Ferrell's Petition filed on August 20, 2024,³ is untimely under 28 U.S.C. § 2244(d)(1)(A).⁴

## II.     28 U.S.C. § 2244(d)(2)

Pursuant to § 2244(d)(1)(A), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by the AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010)⁵ ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

Ferrell did not file his application for post-conviction relief until April 13, 2023. Dkt. 1-3 at 2-19. This filing was well beyond the one-year limitations period prescribed by the AEDPA and did not provide Ferrell with any statutory tolling.

---

³ Applying the prison mailbox rule, the court deems the Petition filed on August 20, 2024, the date Ferrell declares, under penalty of perjury, he placed the Petition in the prison's legal mail system. delivered it to prison authorities. Dkt. 1 at 16; Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

⁴ Ferrell did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D). Therefore, the court does not analyze these subsections. The court briefly notes the basis of Ferrell's claim, *United States v. Hooks*, 551 F.3d 1205, 1215 (10th Cir. 2009), was decided on January 9, 2009 – prior to Ferrell's conviction becoming final. Furthermore, Ferrell relied upon the *Hooks* decision in his direct appeal. Dkt. 9-2 at 25-27; *see also* Dkt. 9-1 at 2, n.1. Accordingly, the *Hooks* decision does not provide an alternate trigger date pursuant to 28 U.S.C. § 2244(d)(1)(D).

⁵ The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**III.     Equitable Tolling**

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. Dec. 11, 2008) (internal quotations and citations omitted).

Liberally construing Ferrell's Petition, the only colorable argument in favor of equitable tolling is Ferrell's pro se status. *See* Dkt. 1 at 13. However, Ferrell's pro se does not entitle him to equitable tolling. *See Marsh,* 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Nor does his reliance on the prison laws clerks. *See* Dkt. 14 at 5; *see also Marsh,* 223 F.3d at 1220 (Tenth Circuit concluded equitable tolling was inapplicable, in part, because "[t]he fact that an inmate law clerk was assisting in drafting … does not relieve [petitioner] from the personal responsibility of complying with the law."). Beyond a passing mention of his pro se status and reliance on prison law clerks, Ferrell does not point to any extraordinary circumstance or exercise of due diligence on his part in the one-year period following the OCCA's decision affirming his conviction. *See* Dkt. 1. For these reasons, the court concludes Ferrell has not demonstrated any rare and exceptional circumstance which would entitle him to equitable tolling. *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

**IV.     Actual Innocence**

Finally, Ferrell alleges, "[b]ecause I'm innocent of the herein crimes I believe that the one (1) year statute of limitations is inapplicable here." Dkt. 1 at 14. Ferrell expands on his actual

innocence claim in his Reply.  *See* Dkt. 14.[6]  The Tenth Circuit recognizes the "fundamental miscarriage of justice exception" is "commonly known as a showing of actual innocence[.]" *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021).  To avail himself of this exception a petitioner must make a colorable showing of factual innocence, not legal innocence.  *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).  Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)).  "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"  *Fontenot*, 4 F.4th at 1031 (quoting *Schulp*, 513 U.S. at 324).

Ferrell has not satisfied the requirements of the actual innocence gateway.  To the extent Ferrell relies upon his insufficient evidence argument to contend he is actually innocent, this attempt fails.  Ferrell's argument is one of legal innocence which cannot support an actual

---

[6] Ferrell may not amend his Petition by including additional allegations in his Reply.  *Cf. Jojola v. Chavez,* 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established, however, that in determining whether to grant a motion to dismiss, the district court … [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."); *Jones v. Ciolli,* No. 22-CV-3262, 2023 WL 11888941 at *1 (D. Colo. May 3, 2023) (unpublished) (applying *Jojola's* principle to writ of habeas corpus).

innocence claim. *See Claybrook v. Oklahoma Dep't of Corr.*, 255 F. App'x 289, 292 (10th Cir. 2007) (noting that "allegations of insufficiency of the evidence" are not a claim of "actual innocence, but theoretical innocence"); *see also Kaufman v. Martin,* Case No. 17-CV-393-JED-JFJ, 2018 WL 3795248, at *3, n.3 (N.D. Okla. Aug. 9, 2018) (unpublished) (noting "Petitioner's assertion of 'actual innocence' is not credible as it appears to either (1) rest on evidence that was presented or available at the time of trial or (2) merely challenge the sufficiency of the evidence." (citing *Schlup* 513 U.S. at 324)); *Layton v. Whitley*, 39 F.3d 1187 (Table), 1994 WL 621148, at *1 (9th Cir. 1994) ("a challenge to the sufficiency of the evidence does not demonstrate that Layton was actually innocent of the crime"). Furthermore, insufficiency of the evidence arguments do not satisfy the "new" evidence requirement. *See, e.g., Guadarrama v. United States*, No. 16-6218, 2017 WL 3391683, at *3 (6th Cir. 2017) (Petitioner "did not cite any newly discovered evidence in support of his actual-innocence claims. Instead, he simply argued that the evidence presented at trial was insufficient to meet the government's burden of proof."); *Rich v. Florida Dep't of Corr.*, 317 F. App'x 881, 883 (11th Cir. 2008) (Petitioner "is not entitled to an actual innocence exception to the § 2244(d) time-bar because he has presented no new evidence of his factual innocence. Instead, he argues that the state's evidence at his trial was insufficient to support his conviction.").

Furthermore, even if the court grants Ferrell leeway and accepts the actual innocence arguments raised in his Reply, Ferrell still has not satisfied the requirements of the actual innocence gateway. In his Reply, Ferrell again points to the *Hooks* and challenges the OCCA's decision affirming his conviction. Dkt. 14 at 2-5. Ferrell, relying on *Hooks,* simply argues that the evidence presented demands a different result and fails to present new, reliable evidence which would permit him to obtain federal habeas review via the actual innocence gateway. *Fontenot*, 4 F.4th at 1031.

Accordingly, Ferrell failed to adequately raise and demonstrate factual innocence and, thereby, he cannot avail himself of the actual innocence gateway.

## CONCLUSION

The court finds and concludes Ferrell cannot obtain federal habeas relief under 28 U.S.C. § 2254. Ferrell's Petition is time-barred. The court, therefore, dismisses the Petition. The court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 8) is **GRANTED**; the Petition (Dkt. 1) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Christe Quick, Warden, in place of Steven Harpe as party Respondent.

**DATED** this 27th day of February, 2026.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE